Rollin L. Downing v. George W. Overmire et al.

Filed June 30, 1893.   No. 4453.

Attachment: Property in Hands of Garnishee: Subsequent
    Levy and Sale: Liability of Officer.   In an action by at-
    tachment a garnishee was ordered to hold sufficient property of
    the debtor to satisfy the debt, which he failed to do.   After the
    garnishment another creditor levied an attachment on a part of
    the property in the garnishee's hands, and upon satisfaction of
    the garnishee's claim sold the remainder under the second at-
    tachment, neither the officer nor his attorney having notice of
    the garnishment.   Held, That under the testimony the officer
    under the second attachment was not liable to the attaching
    creditor under the first attachment for the amount of his claim.

Error from the district court of Buffalo county.   Tried
below before Church, J.

Calkins & Pratt, for plaintiff in error.

John Hoge, contra.

Maxwell, Ch. J.

The plaintiff in error on the 20th day of March, 1888,
filed his bill of particulars before William R. Learn, jus-
tice of the peace for the city of Kearney, against one T. B.
Early, claiming the sum of $95.84 upon an account.
Afterwards, on the 14th day of April, judgment was ren-
dered in that case in that court against Early for $95.84
and costs, taxed at $3.90.   An execution was issued upon
said judgment on the 6th day of April, 1888, and deliv-
ered to the sheriff of Buffalo county, who afterwards, and
on the next day, returned the same wholly unsatisfied.
After the return of the execution an affidavit was filed in
said justice court in garnishment, and thereupon summons
was issued commanding the Buffalo County National Bank

**VOL. 37]**    **JANUARY TERM, 1893.**    **413**

to appear in said court on the 10th day of April thereafter, and answer under oath all questions concerning the property of the said Early in its hands. The bank appeared by its cashier, A. T. Gamble, and after being duly sworn he testified as follows:

Q. State what office you occupy as a member of the Buffalo County National Nank.

A. I am cashier.

Q. State if the Buffalo County National Bank has any property, rights, or choses in action, or any other credits of T. B. Early, and if so, what such consist of.

A. We hold two chattel mortgages against the following property belonging to T. B. Early, to-wit: cattle, horses, mules, hogs, corn, oats, and hay, and farming utensils, wagons, harness, carriages, etc. These have been seized under the mortgage, and I am unable to state whether there will be any surplus after the mortgages and expenses are paid.

Thereupon the said justice made the following order: "I thereupon ordered the said garnishee to pay into this court any surplus there may be after paying off said mortgages and expenses."

After the foregoing proceedings were had and order made, viz., on the 21st day of April, 1888, an action was commenced in the county court of Buffalo county, Nebraska, by one L. E. Zimmerman against said T. B. Early, and an order of attachment was issued in that case out of the county court, and delivered to Geo. W. Overmire, who was constable in and for the city of Kearney, in said county. The defendant Overmire, in pursuance of the command of said writ of attachment, did afterwards, on the 21st of April, 1888, make a levy, the return of which on the said order of attachment is as follows:

"Received this order of attachment April 21, 1888, and by the command thereof I levied upon the following property of the said T. B. Early, to-wit: A double-barreled, breech-loading shot gun and reloading fixtures, for which

I caused the same to be valued by two responsible citizens of Buffalo county.    GEO. W. OVERMIRE,

" *Constable.*"

And defendant Overmire afterwards, on the 24th day of April, 1888, made a further levy, as shown by the return of said writ of attachment, and is as follows:

"And on the 24th day of April, 1888, according to the command thereof, I made a second levy, for which I took all the stock, cattle, horses, hogs, and machinery of the said T. B. Early, and caused the same to be appraised by two responsible persons of Buffalo county, Nebraska.

"GEO. W. OVERMIRE,

"*Constable.*"

And said writ was returned on the 26th day of April, 1888, to said county court. The appraisement shows that the value of the property taken and covered by the mortgage held by the Buffalo County National Bank to be of the value of $1,303.15 over and above the value of the bank's claim against the same. At the time of the answer of the garnishee the property was being advertised to be sold by the garnishee, and which sale took place on the 4th day of May, 1888, and it was during this time that the defendant Overmire, as such constable, without any knowledge on the part of the plaintiff, made the foregoing levies. On the day of the sale the defendant Overmire, together with the plaintiff's attorneys, attended the sale as advertised by the bank, and, as shown by the testimony, the property was sold and the proceeds applied on the debt in the case brought by the said L. E. Zimmerman. Afterwards the said plaintiff commenced this action in the county court of Buffalo county against Overmire, as constable, and his bondsmen, to recover the amount of his debt, with interest and costs, and the county court dismissed the action for the want of jurisdiction, from which judgment the plaintiff prosecuted error to the district court, where the judgment of the county court was reversed and the case was there

tried and verdict returned in favor of the defendant.  A motion for a new trial was filed by the plaintiff, which was overruled and in which the following errors are assigned :

"1. The court erred in refusing to give instruction No. 1 as requested by the plaintiff, and in giving such instruction modified.

"2. The court erred in giving instruction No. 2 as requested by the plaintiff, and in giving such instruction modified.

"3. The court erred in refusing to give instruction No. 3 as requested by the plaintiff, and in giving such instruction modified.

"4. The verdict is contrary to law.

"5. Errors of law occurring at the trial duly excepted to by the plaintiff.

"6. The verdict is not sustained by sufficient evidence.

"7. The court erred in admitting evidence objected to at the time by the plaintiff."

The following are the instructions asked by the plaintiff and given by the court as modified and are all the instructions given :

"1. If you find from the evidence that one T. B. Early executed and delivered certain chattel mortgages upon his personal property, and that afterwards, and before said mortgages had been paid and released, the owners thereof had been ordered to account to the court of William R. Learn, justice of the peace, for said property or the proceeds therefrom, after having paid said mortgages, and you further find that while said personal property was held by the owners of said mortgages under said mortgages, the defendant George W. Overmire, as constable, levied an order of attachment upon said personal property or any part thereof, you will find for the plaintiff.  Modified as follows: Provided the said Overmire took and appropriated the said property to any purpose other than for the benefit of garnishees in said garnishee proceedings wherein Down-

ing was plaintiff. If you find the said constable only levied on the property covered by the mortgage to the bank, having no knowledge of the prior garnishee proceedings, and never took the property into his possession actually, but left it in the hands of the parties when he first took it and never had any further to do with the property in question, he will not be liable in this case. In other words, if the surplus, after the satisfaction of the mortgage, never came into the hands of the constable, and he had no order of sale to dispose of same and took no part in sale of same, but it was sold by others, and said constable took no part therein, you will find for the defendants.

"2. If you should find the taking of the possession of said property in accordance with instruction No. 1, as requested by the plaintiff, then you will further inquire as to the value of the property taken from the owners of said mortgages, remaining after said mortgages were satisfied, and you will find for the plaintiff the full amount claimed, unless the value of said property remaining after the satisfaction of said mortgages is less than the amount claimed by the plaintiff, then you will find for the plaintiff in that amount. Modified as follows : Provided the said constable had anything to do with the sale or of the surplus after satisfaction of the mortgage to the bank, or exercised any control over same, or participated in said sale.

"3. If you find from the evidence that the defendant George W. Overmire, as such constable, made a return of the levy made in pursuance of the command contained in said writ of attachment, this is sufficient proof that he took possession of the property upon which the levy was made and by which he is bound and cannot be allowed to dispute the taking of the property named therein. Modified as follows : But the said constable can show after the making of said return he never removed or took actual possession thereof, or sold, or participated in the sale of same, and that no proceeds of sale of same ever came into his hands."

In our view there was no error in refusing the instructions as asked. The testimony shows that the officer took no part in the sale of the goods and that the proceeds thereof did not come into his hands. This may have been a trick on the part of the second attaching creditor, for which he may be liable, but the proof fails in any manner to implicate the officer. The garnishee was ordered to hold sufficient of the proceeds of sale to satisfy the debt, but did not attempt to do so. Whether the bank thereby became liable for the amount of the plaintiff's debt does not arise in this case, but it is very clear that there is no error in the instructions and the judgment is

AFFIRMED.

THE other judges concur.